IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MILLER, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) |
| Plaintiff, | ) Case No. ) ) |
| v. | ) Judge ) ) |
| BUDDYZ MCHENRY, INC., and JOHN BEUCKENS, individually, | ) ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff, Michael Miller, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendants, Buddyz McHenry, Inc, and John Beuckens, individually, (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay overtime pay to Plaintiff for all time he worked in excess of forty (40) hours in one or more individual workweeks.

2. Plaintiff's consent form to bring this case as a collective action for failure to pay overtime pay under the FLSA is attached hereto as Exhibit A.

**THE PARTIES**

3. Plaintiff resides in and is domiciled within this judicial district.

4. In the prior three years, Plaintiff was employed by Defendants as "employee[s]" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3(d).

5. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3(c).

6. Defendant Buddyz McHenry, Inc. ("Buddyz"), is an Illinois corporation with its principal place of business located at 1138 N. Green St., McHenry, Illinois, within this judicial district.

7. Defendant Buddyz is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. During the course of his employment by Defendants, Plaintiff handled goods that moved in interstate commerce.

9. Defendant, John Beuckens ("Defendant Beuckens"), is an owner and shareholder of Buddyz and is involved in the day to day business operation of Buddyz. Among other things, Defendant Beuckens hires and fires employees, directs and supervises the work of employees, signs on the corporation's checking accounts, including payroll accounts, and participates in decisions regarding employee compensation and capital expenditures.

10. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §201, *et seq*. or the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Collective Action)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 11, as if fully set forth herein.

12. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., in failing to pay overtime wages to Plaintiff and other hourly employees for all time worked in excess of forty (40) hours in individual work weeks.

13. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

14. In one or more individual work weeks, Plaintiff worked in excess of forty (40) hours per week. See Exhibit B, earnings statement for pay period ending on July 30, 2014.

15. When Plaintiff worked over forty (40) hours in one or more individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiff was paid his straight-time regular rate of pay for all time worked. Ex. B.

16. In one or more individual work weeks, other non-exempt hourly employees employed by Defendants worked in excess of forty (40) hours per week.

17. Pursuant to 29 U.S.C. § 207, other similarly situated hourly employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

18. In one or more individual work weeks, Defendants did not compensate other non-exempt hourly employees at a rate of one and one-half times their regular hourly rate of pay for all

time worked in excess of forty (40) hours in individual work weeks.

19. Defendants' failure to pay overtime wages to Plaintiff and similarly situated employees in one or more individual work weeks for all time worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and similarly situated hourly employees overtime wages for all time they worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's and similarly situated employees' hourly wage rate for all time which Plaintiff and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found to be due;

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Individual Action Only)

Plaintiff hereby realleges and incorporate paragraphs 1 through 20, as if fully set forth herein.

21. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

22. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

23. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for all time they worked in excess of forty (40) hours in individual work weeks.

24. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiff was paid his straight-time regular rate of pay for all time worked. Ex. B.

25. Defendants violated the IMWL by failing to pay Plaintiff at one and one-half times his regular hourly rate of pay for all time they worked in excess of forty (40) hours in one or more individual work weeks.

26. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular hourly rate of pay for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees;

D. Costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: June 30, 2015

Respectfully submitted,

s/Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
ZACHARY C. FLOWERREE
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Il 60602
312-419-1008

Attorneys for Plaintiff